September

*Via ECF*

The Honorable Philip M. Halpern
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

HalpernNYSDChambers@nysd.uscourts.gov

> Application granted. The redacted transcript (Doc. 63) shall remain the publicly-filed version of the transcript, and the unredacted version (Doc. 58, Doc. 62) shall remain under seal.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> September 9, 2025

Re: ***Regeneron Pharmaceuticals, Inc. v. Sanofi Biotechnology SAS, Sanofi S.A., sanofi-aventis U.S. LLC, and Genzyme Corporation***, Case No. 7:24-cv-08751-PMH (S.D.N.Y.)

Dear Judge Halpern:

    We write on behalf of Plaintiff Regeneron Pharmaceuticals, Inc. ("Regeneron") and Defendants Sanofi Biotechnology SAS, Sanofi S.A., sanofi-aventis U.S. LLC, and Genzyme Corporation (together, "Sanofi," and with Regeneron, the "Parties") in the above-referenced matter to respectfully request the Court's approval to seal and file a redacted version of the transcript of the June 5, 2025 conference (Dkt. No. 58) ("June 5 Transcript"). The June 5 Transcript includes confidential information relating to highly sensitive business information concerning an agreement between Regeneron and Sanofi. The Parties' proposed redactions are consistent both with the redactions to the Parties' pre-motion letters (Dkt. Nos. 36, 41) that the Court previously approved (Dkt. Nos. 39, 44), and with the redactions the Parties requested in their pending motions to seal the motion to dismiss briefing (Dkt. Nos. 48, 52).

    A district court "has supervisory power over its own records and files," and public access to these records and files "has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Before sealing a judicial document, courts in the Second Circuit apply the *Lugosch* test to determine the "weight" of the presumption of public access and balance any competing access considerations. *See CRC Ins. Servs., Inc. v. Suh*, 2025 WL 560749, at *1-2 (S.D.N.Y. Feb. 19, 2025) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)) (granting motion to seal to protect "confidential business information"). Where "higher values . . . so demand," judicial documents may be sealed. *Lugosch*, 435 F.3d at 124. And those "higher values" include "the protection of sensitive, competitive, or proprietary business information." *W.J. Deutsch & Sons Ltd. v. Diego Zamora S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (citation omitted).

    As courts in this district have repeatedly held, "protecting the confidentiality of sensitive business information is a legitimate basis for rebutting the public's presumption of access to judicial documents." *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020); *see also Brunckhorst v. Bischoff*, 2024 WL 4276201, at *3 (S.D.N.Y.

The Honorable Philip M. Halpern
September 8, 2025
Page 2

Sep. 24, 2024) ("If publicly revealed, sensitive business information could undercut a business's competitive advantage. Thus, courts routinely find that business secrecy interests outweigh the presumption of public access."). Accordingly, this Court previously sealed Regeneron's confidential business information contained in a contract between it and another party where disclosure could cause competitive harm. *See* Order, *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 7:20-cv-05502 (S.D.N.Y. Aug. 1, 2024), Dkt. No. 239 (Halpern, J.); *see also Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (Nathan, J.) (similar).

The Parties' proposed redactions to the June 5 Transcript are narrowly tailored to protect commercially sensitive and confidential information – specifically, the non-public and bargained-for dispute resolution terms in an agreement between the Parties. Disclosure of the confidential portions of this business agreement, which governs the sales of a flagship product worth billions of dollars per year, would likely harm Regeneron and Sanofi in future contract negotiations with other parties. In contrast, the benefit to the public from disclosing the confidential information is marginal, if it exists at all. The competitive disadvantages to Regeneron and Sanofi, which could be exploited by other potential partners or pharmacy benefit managers who negotiate pricing, outweigh any public interest associated with disclosing the confidential terms. *See Lugosch*, 435 F.3d at 120.

Accordingly, the Parties respectfully request that the June 5 Transcript be filed under seal. The Parties' proposed redactions will be filed under seal contemporaneously with this letter motion.

The Honorable Philip M. Halpern
September 8, 2025
Page 3

Dated: September 8, 2025
Washington, D.C.

                                  Respectfully submitted,

                                   */s/ Andrew E. Goldsmith*
                                   Andrew E. Goldsmith
                                   Robert C. Klipper (*pro hac vice*)
                                   Hilary M. Weaver (*pro hac vice*)
                                   Jarrod A. Nagurka (*pro hac vice*)
                                   KELLOGG, HANSEN, TODD,
                                      FIGEL & FREDERICK, P.L.L.C.
                                   1615 M Street, N.W., Suite 400
                                   Washington, D.C. 20036
                                   (202) 326-7900
                                   (202) 326-7999 (fax)
                                   agoldsmith@kellogghansen.com
                                   rklipper@kellogghansen.com
                                   hweaver@kellogghansen.com
                                   jnagurka@kellogghansen.com


                                   Russel M. Yankwitt
                                   Jonathan Ohring
                                   Cassandra M. Vogel
                                   YANKWITT LLP
                                   140 Grand Street, Suite 705
                                   White Plains, N.Y. 10601
                                   (914) 686-1500
                                   russell@yankwitt.com
                                   jonathan@yankwitt.com
                                   cassandra@yankwitt.com

                                   *Counsel for Plaintiff Regeneron*
                                   *Pharmaceuticals, Inc.*

The Honorable Philip M. Halpern
September 8, 2025
Page 4

Dated: September 8, 2025
Philadelphia, PA

Respectfully submitted,

 /s/ Ilana H. Eisenstein
Ilana H. Eisenstein (*pro hac vice*)
Whitney Cloud (SDNY No. 5158324)
M. David Josefovits (*pro hac vice forthcoming*)
DLA PIPER LLP (US)
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
(215) 656-3300
ilana.eisenstein@us.dlapiper.com
whitney.cloud@us.dlapiper.com
david.josefovits@us.dlapiper.com

Christopher M. Strongosky (SDNY No. 3960937)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4643
christopher.strongosky@us.dlapiper.com

*Counsel for Defendants Sanofi Biotechnology SAS, Sanofi S.A., sanofi-aventis U.S. LLC, and Genzyme Corporation*