

DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
www.dlapiper.com

Ilana H. Eisenstein
ilana.eisenstein@us.dlapiper.com
T  215.656.3351
F  215.606.3351

May 20, 2025

> The parties are directed to meet and confer and, on or before May 29, 2026, notify the Court of any additional discovery disputes by filing an appropriate letter consistent with the Court's Individual Practices Rule 4(D), if necessary.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         May 21, 2026

*VIA ECF*

The Honorable Philip M. Halpern
United States District Court for
 the Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

HalpernNYSDChambers@nysd.uscourts.gov

Re:    **Regeneron Pharmaceuticals, Inc. v. Sanofi Biotechnology SAS, Sanofi S.A.,
       Sanofi-Aventis U.S. LLC, and Genzyme Corporation
       Case No. 7:24-cv-08751 (S.D.N.Y.)**

*Pre-Motion Letter Pursuant to Individual Practices in Civil Cases Rule 4(D) (Halpern, J.)*

The Honorable Philip M. Halpern
Page 1

Dear Judge Halpern:

Following the court's admonition to proceed diligently with the discovery process, Sanofi met and conferred with Regeneron and ***agreed to produce***, in response to its RFP No. 1, its Pharmacy Benefit Management (PBM) agreements, including all pricing relating to Licensed Products,[1] pursuant to an attorneys-eyes-only protective order. The parties are scheduled to further meet and confer on May 21, 2026 regarding the terms of an appropriate confidentiality and protective order and the process for written discovery productions. All of this was proceeding *before* Sanofi's RFP responses were even due under the Federal Rules—May 26, 2026.

Instead of following that collaborative and expeditious process, Regeneron unilaterally rushed to court to front-load a narrow and meritless dispute over the targeted redaction of pricing for ***non***-Licensed Products and whether the attorneys-eyes-only designation should extend to Regeneron's in-house counsel. Regeneron's letter flouts the Court's rules requiring a joint letter (Individual Practice Rule 4(D)), is premature, and likely wholly unnecessary.

Regeneron's attempt to raise piece-meal disputes with this Court not only wastes its valuable time, but is also a naked effort to deflect from its own discovery overreach, revealed by its other 29 RFPs, which fish for Sanofi's internal strategic deliberations, its pricing and marketing strategies on non-Alliance, Sanofi-only products, and burdensome audit-style data requests that are far afield from the exceptionally narrow contract dispute pleaded in Regeneron's complaint. *See* Ex. 1. Sanofi has also raised objections to Regeneron's Rule 26(a) witness list wherein Regeneron listed Sanofi's CEO and multiple current and former C-suite executives—none of whom possess unique personal knowledge of the key issues, as required by the apex doctrine—

---

[1] The LCA governs only "Licensed Products" defined in Section 1.69, of which the most significant is Dupixent.

1

The Honorable Philip M. Halpern
Page 2

while Regeneron apparently has conducted minimal diligence to identify the witnesses most relevant to their single contract claim. *See* Ex. 2 at 2. We submit that the appropriate process to deal with both the narrow issue of RFP 1 and the broader problems with Regeneron's discovery requests is what Sanofi repeatedly proposed to Regeneron:  proceed with discovery in responding to the written RFPs and, in parallel, negotiate document productions in keeping with the discrete contract claim Regeneron has asserted.

To the extent the Court addresses Regeneron's RFP 1 dispute on the merits, however, Regeneron's letter request should be rejected. This is a single-issue case, where Regeneron asks Sanofi to disclose the PBM agreements that are "material information directly relating to the Commercialization of each Licensed Product," under LCA Section 6.4(b) and to auditors "for the purpose of determining amounts payable or owed pursuant to this Agreement," LCA, § 14.1.[2] Sanofi has already agreed to produce the PBM agreements to outside counsel.  But Sanofi's pricing information for its *non*-Licensed Products is highly proprietary trade secret information, and Regeneron has no plausible argument that such information is subject to disclosure under Section 6.4(b) or Article XIV of the LCA, much less that it needs such information in discovery (and at the very outset of discovery, no less) for its pleaded claim.  Even if the moving party can demonstrate a compelling need—and here, Regeneron cannot articulate why it needs to see Sanofi non-Licensed Product pricing—courts impose strict, confidentiality, and outside-counsel-only designations.  *See Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.,* 1994 WL 177795, at *3 (S.D.N.Y. 1994) (limiting disclosure of pricing data to outside counsel because "[in-house] counsel's intimate knowledge of a competitor's pricing policies could surely influence the nature

---

[2] Regeneron's "damages" claim seeks reimbursement for its audit costs, which audit was supposedly incomplete due to Sanofi's refusal to produce the PBMs. *See* Ex. 2 at 4.

The Honorable Philip M. Halpern
Page 3

of advice given"); *see also Liveware Publ'g, Inc. v. Best Software, Inc.,* 252 F.Supp.2d 74, 85 (D. Del. 2003) (ordering production of proprietary information "only to trial counsel") (cited by Regeneron).

This Court should deny the letter request and direct the parties to raise any further disputes via joint letter, and raise all unresolved disputes at once. If briefing is allowed, Sanofi requests leave to cross-move for a protective order to curtail Regeneron's vastly overbroad demand for Sanofi's internal documents and proprietary information, including from its most senior executives, and instead limit discovery to that which is relevant to interpretation of the narrow provisions of the LCA raised by Regeneron's complaint.

Respectfully Submitted,

By: */s/ Ilana H. Eisenstein*
     Ilana H. Eisenstein (admitted *pro hac vice*)
     Whitney Cloud (SDNY No. 5158324)
     M. David Josefovits (*pro hac vice* forthcoming)
     DLA PIPER LLP (US)
     1650 Market Street, Suite 5000
     Philadelphia, Pennsylvania 19103
     Tel.: (215) 656-3300
     ilana.eisenstein@us.dlapiper.com
     whitney.cloud@us.dlapiper.com
     david.josefovits@us.dlapiper.com

     Christopher M. Strongosky (SDNY No. 3960937)
     DLA PIPER LLP (US)
     1251 Avenue of the Americas
     New York, New York 10020
     Tel.: (212) 335-4643
     christopher.strongosky@us.dlapiper.com

     *Counsel for Defendants Sanofi Biotechnology SAS,*
     *Sanofi S.A., sanofi-aventis U.S. LLC, and*
     *Genzyme Corporation*

3