May 18, 2026

*Via ECF*

The Honorable Philip M. Halpern
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

HalpernNYSDChambers@nysd.uscourts.gov

> Re:    ***Regeneron Pharmaceuticals, Inc. v. Sanofi Biotechnology SAS, Sanofi S.A.,***
> ***sanofi-aventis U.S. LLC, and Genzyme Corporation***
> **Case No. 7:24-cv-08751-PMH (S.D.N.Y.)**

> *Pre-Motion Lett[...]es Rule 4(D) (Halpern, J.)*
> *Concerning [... P] 1 (PBM Agreements)[1]*

Applications for a conference (Docs. 74, 78) granted. The Court has scheduled an in-person conference on June 10, 2026 at 10:30 a.m. to be held in Courtroom 520 of the White Plains courthouse.

The Clerk of Court is respectfully requested to terminate the letter-motion pending at Doc. 78.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
June 1, 2026

---

[1] Regeneron [...] nofi to advise "promptly" if it would refuse production, *see* Ex. A (4/23/26 Email), because the Court had directed the parties two days earlier to raise "quickly" any dispute over production of the PBM Agreements (RFP 1), Dkt. 72 at 6:12-17 (4/21/26 Hr'g Tr.); *see also id.* at 17:1-2. Sanofi responded 13 days later that it would not produce the PBM Agreements. *See* Ex. B at 2-3 (5/6/26 Ltr.). Since then Sanofi has refused to file a joint letter raising this dispute, demanding that Regeneron first either withdraw its other RFPs or raise all of its RFPs in an omnibus discovery dispute. *See id.* at 3; Ex. C at 1 (5/8/26 Ltr.); Ex. D at 4-6 (email correspondence). On May 15, the parties held a Zoom meet and confer that lasted more than an hour and included Andrew Goldsmith, Jarrod Nagurka, Russell Yankwitt, and Cassandra Vogel for Regeneron and Ilana Eisenstein, Christopher Strongosky, and David Josefovits for Sanofi. Sanofi repeated that it would not participate in a joint letter dedicated to RFP 1 and insisted that any submission should occur after Memorial Day. Sanofi's refusal to litigate a dispute that is ripe (RFP 1) and on which the Court requested briefing is improper, as is its attempt to force Regeneron to litigate disputes over Regeneron's other RFPs that the parties have agreed to discuss further. Regeneron therefore submits this 2.5-page letter providing its position on RFP 1. Regeneron will continue to meet and confer regarding Sanofi's objections to its other RFPs and expects the parties will raise any additional ripe disputes as needed in compliance with the Court's Individual Rules.

The Honorable Philip M. Halpern

Page 1

Dear Judge Halpern:

Regeneron respectfully requests the Court schedule a pre-motion conference regarding Regeneron's planned motion to compel Sanofi to produce in discovery the unredacted PBM Agreements sought by Regeneron's RFP 1.[2]  This case is about whether the parties' contract requires Sanofi to share the full, unredacted agreements and related materials and information with Regeneron.  That question cannot be sensibly answered if both sides and the Court cannot see the documents at issue.  Raising this issue "quickly" as the Court directed, *see* Dkt. 72 at 6:17, will resolve a threshold discovery dispute and avoid delay.  Sanofi's arguments to the contrary fail.

**1.**  In denying Sanofi's motion to dismiss, this Court held that Regeneron plausibly alleged that the full, unredacted PBM Agreements are "material information directly relating to the sale of Dupixent."  3/17/26 Order, Dkt. 66 at 11.  Thus, the full agreements are relevant to resolving whether the content Sanofi refuses to provide Regeneron under the contract is material.  *See Wittner v. IDS Ins. Co. of N.Y.*, 466 N.Y.S.2d 480, 481 (App. Div. 1983) (granting motion to compel production of "evidence which is necessary in order to properly evaluate the question of materiality").  Regeneron "should have the opportunity to develop whatever proof is available so that it may offer evidence to support its claims." *Budco, Inc. v. The Big Fights, Inc.*, 594 F.2d 900, 902 (2d Cir. 1979).  Sanofi has denied that the full PBM Agreements contain information material to Dupixent's commercialization.  *See* Answer, Dkt. 68 ¶ 2.  But Regeneron "should be given the means and opportunity to probe the veracity of Defendant's representation." *Tapjets Inc. v. United Payment Servs., Inc.*, 2020 WL 13581674, at *5 (E.D.N.Y. Sept. 17, 2020) (granting motion to

---

[2] Regeneron's RFP 1 requests "All PBM Agreements that relate to Dupixent (regardless of whether they also include any of Defendants' other products), including master rebate agreements, formulary placement or exclusivity agreements, specialty pharmacy distribution agreements, or similar Documents.  The PBM Agreements should be unredacted and include all versions, addenda, schedules, exhibits, side agreements, amendments, and any other modifications."

The Honorable Philip M. Halpern

Page 2

compel in relevant part).  That is particularly true given counsel's varied representations to date about the PBM Agreements' volume.  *Compare* Dkt. 72 at 13:19-14:13, *with* Ex. D at 2.

    **2.**    Sanofi's offer to produce redacted PBM Agreements (Ex. B at 1), and only to Regeneron's outside counsel, is insufficient.  To start, it mirrors Sanofi's pre-litigation offer to Regeneron's outside auditors.  *See* Am. Compl., Dkt. 31 ¶ 48.  Regeneron's contention in this case is that redacted agreements fall far short of the scope of information to which Regeneron is entitled: "complete, unredacted agreements with PBMs and payer entities . . . including any addenda, schedules, side agreements, and amendments."  *Id.* at p.28, ¶ a.  The full agreements are required to resolve this dispute.  In addition, Sanofi's admission that Regeneron is entitled in discovery to parts of the PBM Agreements is dispositive, because "[t]he weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy."  *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) (quotation omitted) (collecting cases).

    To overcome that rule, Sanofi must "justify curtailing discovery."  *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 431 (S.D.N.Y. 2011).  Its principal argument is that providing Regeneron with the PBM Agreements is the ultimate relief.  But as the Court correctly suggested, Regeneron is "not getting the ultimate relief by being able to look at a document that you [(Sanofi)] don't think they are entitled to look at."  *See* Dkt. 72 at 10:10-12.  Regeneron also seeks monetary damages, prospective declaratory relief, and other types of material information.  *See* Am. Compl. at 29, ¶ c.  Other courts have rejected arguments similar to Sanofi's.  *See Arch Ins. Co. v. Sky Materials Corp.*, 2019 WL 13144857, at *3 (E.D.N.Y. Nov. 19, 2019) (granting discovery of records in audit action, notwithstanding argument that they were the "ultimate relief," because plaintiffs also sought damages and declaratory judgment).  Even as to the PBM Agreements,

The Honorable Philip M. Halpern

Page 3

disclosure in discovery is not equivalent to the ultimate relief.  Regeneron's use of discovery material would be limited by a protective order; documents provided after judgment for Regeneron would not.  A protective order also "addresses any concerns that Defendants may have regarding the confidential or sensitive nature of the information." *Christine Asia*, 327 F.R.D. at 55.

**3.**  The cases Sanofi relies upon (Ex. B at 2-3) are not to the contrary, and its principal case supports Regeneron.  In *Liveware Publishing, Inc. v. Best Software, Inc.*, the court approved the plaintiff's trial counsel retaining under a protective order, subject to a highly confidential designation, documents the plaintiff sought through the litigation.  *See* 252 F. Supp. 2d 74, 85 (D. Del. 2003).  Sanofi's other cases are inapposite because they concern either pre-motion to dismiss discovery or Freedom of Information Act proceedings.  *See* Ex. B at 2-3.

Respectfully submitted,

 */s/ Andrew E. Goldsmith*
Andrew E. Goldsmith
Robert C. Klipper (admitted *pro hac vice*)
Hilary M. Weaver (admitted *pro hac vice*)
Jarrod A. Nagurka (admitted *pro hac vice*)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C.  20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
agoldsmith@kellogghansen.com
rklipper@kellogghansen.com
hweaver@kellogghansen.com
jnagurka@kellogghansen.com

Russel M. Yankwitt
Jonathan Ohring
Cassandra M. Vogel
YANKWITT LLP
140 Grant Street, Suite 705
White Plains, N.Y. 10601
(914) 686-1500
russell@yankwitt.com

The Honorable Philip M. Halpern
Page 4

jonathan@yankwitt.com
cassandra@yankwitt.com

*Counsel for Plaintiff*