**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SANOFI BIOTECHNOLOGY SAS, SANOFI S.A., SANOFI-AVENTIS U.S. LLC, and GENZYME CORPORATION,<br><br>Defendants. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Case No. 7:24-cv-08751-PMH |

PHILIP M. HALPERN, United States District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential" (collectively "Confidential Discovery Material") pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits:

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

(e) previously non-disclosed information prepared in furtherance of company operations; or

(f) any other category of information this Court subsequently affords confidential status.

3. The Producing Party may designate as Highly Confidential such material that it reasonably and in good faith believes consists of information that is

Confidential under paragraph 2 and contains company trade secrets or confidential information, the disclosure of which is likely to reveal or have a significant effect on current or future (i) business strategies or decisions, (ii) product plans or development, (iii) costs, pricing and/or contract efforts and terms with customers for products that are not part of the License and Collaboration Agreement at issue in this action, or (iv) consists of confidential commercial data reflecting the proprietary work-product of third parties. The Parties intend that Highly Confidential designation will be used only under these limited circumstances.

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the designated confidential or highly confidential information redacted.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition transcript is received by the Producing Party, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential"

in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day review period following receipt of the deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) Outside Counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such Outside Counsel employs and assigns to this action;

(c) outside vendors or service providers (such as copy-service providers

and document-management consultants) that counsel hire and assign to this action;

(d) any mediator or arbitrator that the Parties engage in this action or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

9. Where a Producing Party has designated Discovery Material as Highly Confidential, the Party receiving Discovery Material ("Receiving Party") may disclose such information only to the persons described in paragraph 8(b), (c), (d), (e),

(g), (h) and (i). The Receiving Party may also disclose such Highly Confidential information to three Designated Inside Counsel who, because of their duties and responsibilities with respect to the management of this Action, require access to Highly Confidential information, provided such Designated Inside Counsel have no current involvement or responsibilities and will not have involvement or responsibilities in any of the following activities: (1) competitive business decision-making responsibilities for the pricing, sales, and marketing of any product; and (2) competitive decision making responsibilities for research and/or development and/or manufacture of any product.

10. Under this Protective Order, Designated Inside Counsel who have received Highly Confidential information may not (1) engage in the above-listed activities in paragraph 9, or (2) disclose, provide access to, share, discuss, show or reveal, reproduce, photograph or summarize in any manner any Highly Confidential information with any current or former employees, supervisors, managers, executives, officers, directors or board members, including its Chief Executive Officer, of the Receiving Party apart from other Designated Inside Counsel.

11. A Party may designate Inside Counsel or replace a Designated Inside Counsel by providing to the other Party an executed acknowledgment in the form attached as Exhibit B hereto which, among other things, (1) sets forth the full name of the Designated Inside Counsel, (2) identifies the Designated Inside Counsel's current employer, job title and job description, (3) affirms that the Designated Inside Counsel is not involved in any of the prohibited activities set forth in this Protective Order, and (4) affirms that the Designated Inside Counsel will not provide access to, share, discuss, show, reproduce or summarize in any manner any Highly Confidential designated

information with any Receiving Party employees, managers, executives or board members apart from other Designated Inside Counsel. A Party that makes a request to designate or replace a Designated Inside Counsel and provides an executed and completed Exhibit B to the other Party's Outside Counsel may disclose Highly Confidential information to the newly Designated Inside Counsel ten (10) days after delivering the executed Exhibit B (as calculated by Federal Rule of Civil Procedure 6). Any such objection must set forth in detail the grounds on which such objection is based and be made in good faith. A Party that receives a timely written objection must meet and confer with the objecting Party to attempt to resolve the matter. Following the meet and confer, the objecting Party may apply to the Court for a protective order or other appropriate relief no later than fifteen (15) days (as calculated by Rule 6) after receipt of the declaration set forth in Exhibit B.

12. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

13. In accordance with Rule 5 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing

of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

14. Any Receiving Party that wishes to use an Artificial Intelligence Tool ("AI Tool")[1] in connection with a Producing Party's Discovery Materials must provide written notice of its intent to use that AI Tool to the Disclosing Party, via email, and through counsel, and request consent from the Producing Party. If the Producing Party does not consent, the parties shall promptly meet-and-confer to discuss objections by the Producing Party. The Receiving Party shall provide reasonable information identifying the AI Tool, use and protective measures, if requested. The Parties agree that any AI Tool used should be a closed model and used in a secure, access restricted environment to prevent disclosure of Discovery Material to unauthorized persons.

15. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or

[1] AI Tool means a machine-based system that is designed to operate with varying levels of autonomy and that may exhibit adaptiveness after deployment, and that, for explicit or implicit objectives, infers, from the input it receives, how to generate outputs such as predictions, content, recommendations, or decisions that can influence physical or virtual environments. Such AI Tools include techniques and technologies such as machine learning, natural language processing, and large language models (e.g., ChatGPT, Claude, Google Bard). Expressly excluded from this definition of AI Tool are: default word processing and plug-in spelling and grammar checks (e.g. Editor in Word, Grammerly), citation formatting, document comparison (e.g., Compare function in Word/Adobe), basic search functions, file conversion, and OCR.

designated as Confidential.

16. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

17. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices.

18. Absent further order of the Court, recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action, and any appeals thereto, and not for any business, commercial, or competitive purpose. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action, and nothing in this Order constitutes a waiver of any claim or defense based upon timeliness, statutes of limitation or repose, principles of *res judicata*, or any other defenses at law or equity.

19. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or

other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

20. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

21. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. The Parties intend that this provision shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2), and that this provision shall constitute an Order under Fed. R. Evid. 502(d).

22. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

23. Within ten (10) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed

Information.

24. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

25. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

26. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the Outside Counsel that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

27. This Order will survive the termination of the litigation and will

continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

28. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

*/s/ Andrew E. Goldsmith*
Andrew E. Goldsmith

*Counsel for Plaintiff*

Dated: July 16, 2026

*/s/ Ilana H. Eisenstein*
Ilana H. Eisenstein

*Counsel for Defendants*

Dated: July 16, 2026

Dated: White Plains, New York
July 17, 2026

SO ORDERED.

Philip M. Halpern
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SANOFI BIOTECHNOLOGY SAS, SANOFI S.A., SANOFI-AVENTIS U.S. LLC, and GENZYME CORPORATION,<br><br>Defendants. | **NON-DISCLOSURE AGREEMENT**<br><br>Case No. 7:24-cv-08751-PMH |

I,________________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

________________________________

Dated:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REGENERON PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SANOFI BIOTECHNOLOGY SAS, SANOFI S.A., SANOFI-AVENTIS U.S. LLC, and GENZYME CORPORATION,<br><br>Defendants. | **NON-DISCLOSURE AGREEMENT**<br><br>Case No. 7:24-cv-08751-PMH |

I,_____, declare under penalty of perjury that:

a. My present employer is ______________________________ and the address of my present employer is _________________.

b. My present job title is _________________________.

c. I have received and carefully read the Protective Order in this Litigation dated _______________, and understand its provisions. I agree:

i. To be bound by the terms of the Protective Order;

ii. To use Highly Confidential Discovery Material solely for the purposes delineated within the Protective Order;

iii. To not provide access to, share, discuss, show, reproduce or summarize in any manner any Highly Confidential designated information with any current or former employees, supervisors, managers, executives, officers or directors or board members of my employer apart from other Designated Inside Counsel;

iv. To not disclose any Highly Confidential Discovery Material to any person, firm, corporation or other entity not qualified to have access to such

information pursuant to the terms of the Protective Order; and that

v. I meet the requirements for Designated Inside Counsel as set forth in the Protective Order.

d. I will return or destroy all Highly Confidential Discovery Material at the relevant time, as outlined in the Protective Order.

e. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of the Protective Order. I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in a civil action by one or more of the parties in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

________________________________

Dated: